UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATHANIEL STEPHEN ULLOM,
on behalf of himself and all those
similarly situated,

      Plaintiff,

v.

      CASE NO.:

BILL PERRY & ASSOCIATES, INC.,
a Florida Corporation; and
WILLIAM PERRY, individually;

      Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, NATHANIEL STEPHEN ULLOM, ("Plaintiff"), on behalf of himself and all those similarly situated, files this Collective Action Complaint against Defendants, BILL PERRY & ASSOCIATES, INC., a Florida Corporation ("BP&A"), and WILLIAM PERRY, individually (collectively "Defendants"), and states as follows:

**INTRODUCTION**

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a)(7).

1

3. Plaintiff alleges pursuant to the FLSA, 29 U.S.C. § 216(b), that he is (i) entitled to unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*; and (iii) declaratory relief pursuant to 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended (29 U.S.C. §201, *et seq.*) ("FLSA") to: (i) obtain a judgment against Defendants as to liability; (ii) recover unpaid back wages; (iii) recover an additional equal amount as liquidated damages; and (iv) reasonable attorneys' fees and costs.

5. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as the FLSA claims arise under 29 U.S.C. §216(b).

6. Venue is proper as the acts and omissions giving rise to Plaintiffs' claims occurred in Lee County, Florida.

## PARTIES

7. At all times material to this action, Plaintiff was a resident of Lee County, Florida.

8. At all times material to this action, BP&A was, and continues to be, a Florida Corporation. Further, at all times material to this action, BP&A was, and continues to be, engaged in business in Florida, with a principal place of business in Lee County, Florida.

10. Upon information and belief, at all times material to this action, Defendant, WILLIAM PERRY was and continues to be a resident of Lee County, Florida.

11. At all times material to this action, Defendant, WILLIAM PERRY (a) regularly held and/or exercised the authority to hire and fire employees of BP&A; (b) regularly held and/or exercised the authority to determine the work schedules for the employees of BP&A; (c)

2

regularly held and/or exercised the authority to determine the pay rates for the employees of BP&A; and (d) regularly held and/or exercised the authority to control the finances and operations of BP&A.

12. By virtue of having held and/or exercised the authority to: (i) hire and fire employees of BP&A; (ii) determine the work schedules for the employees of BP&A; (iii) determine the rates of pay for employees of BP&A; and (iv) control the finances and operations of BP&A, WILLIAM PERRY is an employer as defined by 29 U.S.C. §201 *et. seq.*

## **FLSA COVERAGE**

22. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

23. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

24. At all times material hereto, Defendant, BP&A, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA by virtue of its routine utilization of supplies and materials that originated outside the state of Florida.

25. The supplies and materials that Defendants _utilized to run its business previously traveled in interstate commerce.

26. At all times material to this action, Defendants had two (2) or more employees who regularly handled products and equipment which had previously moved through interstate commerce, during performance of their duties, including, *inter alia* equipment and supplies used directly in furtherance of Defendants' commercial activity of providing security services.

27. Based upon information and belief, the annual gross revenue of BP&A was in excess of $500,000.00 per annum at all times relevant hereto.

28. At all times material hereto, Plaintiff was "engaged in commerce" by virtue of the regular and recurrent handling of equipment that had previously traveled in interstate commerce.

29. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

30. At all times material hereto, Defendant BP&A was an enterprise covered by the FLSA.

## STATEMENT OF FACTS

31. Beginning on or about March 2016 through on or about January 2020, Defendants employed Plaintiff as a non-exempt, hourly-paid employee.

34. Plaintiff's duties included among other things providing security eservices, towing cars, and writing tickets.

35. Plaintiff worked for Defendants in excess of forty (40) hours within one or more workweeks.

36. In one or more work weeks during their employment, Defendants failed to compensate Plaintiff, at rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single work week.

37. Plaintiff should be compensated at the rate of one and one-half times his regular rate for those hours that he worked in excess of forty (40) hours per week, as required by the FLSA.

38. Defendants have violated Title 29 U.S.C. § 207 from on or about March 2016 through on or about January 2020, in that:

    a. Plaintiff worked in excess of forty (40) hours during his employment with Defendants;

b. No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times his regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

c. Defendants failed to maintain proper time records as mandated by the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**

39. As part of the regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

40. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants denied them full compensation for their hours worked over forty.

41. Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and Class Members all worked as employees under the same conditions and subject to the same violations of the FLSA.

42. Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

43. Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

44. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime.

45. Defendants' failure to pay overtime compensation rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

46. The experience of Plaintiff, with respect to his pay, is typical of the experiences of Class Members.

47. The experience of Plaintiff, with respect to his job duties, is typical of the experiences of Class Members.

48. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

49. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

50. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

51. The Plaintiff and the Class Members held the same job title: security guards.

52. As such, the class of similarly situated Plaintiff is properly defined as follows:

**The FLSA Collective Members are all of Defendants' current and former restaurant employees who worked at BP&A at any time during the three years before this Complaint was filed up to the present.**

### COUNT I
### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §207

53. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-52 as if fully set forth herein.

54. From on or about March 2016 through on or about January 2020, Plaintiff, and those similarly situated, worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

55. Plaintiff and those similarly situated, were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

56. At all times material hereto, Defendants failed and continue to fail, to maintain proper time records as mandated by the FLSA.

57. Defendants' actions in this regard were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

58. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

59. Due to the intentional, willful, and unlawful acts of the Defendants, Plaintiff suffered and continued to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

60. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, on behalf of himself and those similarly situated, respectfully requests that judgment be entered in their favor against Defendants:

    a. An Order Certifying this case as a collective action in accordance with 29

U.S.C. §216(b) with respect to the claims set forth herein;

b. An Order compelling Defendants to disclose the names and addresses of all Class Members and permitting Plaintiffs to send notice of this action to all similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Class Members of their right to join and participate in this lawsuit;

c. Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiff's time worked in excess of forty (40) hours per work week while employed by Defendants;

d. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

e. Awarding Plaintiffs pre-judgment and/or post-judgment interest;

f. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA; Defendants failed to keep accurate time records; Defendants have a legal duty to pay Plaintiff overtime wages pursuant to the FLSA; Defendants failed to prove a good faith defense; and Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 15th day of April, 2020.

                                              Respectfully Submitted,

                                              */s/ Natalie Staroschak*
                                              Natalie Staroschak
                                              FL Bar No.: 116745
                                              MORGAN & MORGAN, P.A.
                                              8151 Peters Road
                                              Suite 4000
                                              Plantation, FL 33324
                                              Tel: 954-807-7759
                                              Fax: 954-807-7781
                                              E-mail: nstaroschak@forthepeople.com

                                              *Trial Counsel for Plaintiffs*