UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NATHANIEL STEPHEN ULLOM, on
behalf of himself and all those similarly
situated,

      Plaintiff,

v.                                           Case No.: 2:20-cv-00266-JLB-NPM

BILL PERRY & ASSOCIATES, INC., a
Florida Corporation; and WILLIAM PERRY,
individually,

      Defendants.
_____/

## ORDER

Plaintiff Nathaniel Stephen Ullom, on behalf of himself and all those similarly situated, moves for a default judgment against Defendants Bill Perry & Associates, Inc. ("BP&A"), and William Perry, under Federal Rule of Civil Procedure 55(b)(2). (Doc. 20.) Mr. Ullom asserts that he was an employee of Defendants, and that he was not compensated for overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19. Mr. Perry also seeks to bring a collective action on behalf of similarly situated employees. 29 U.S.C. § 216(b). For the reasons explained, the Court denies the motion without prejudice.

### BACKGROUND

The exact nature of Defendants' business is not entirely clear from Mr. Ullom's complaint. Apparently, Mr. Ullom worked for Defendants as a kind of security guard whose duties included "providing security eservices [sic], towing cars,

and writing tickets." (Doc. 1, ¶¶34, 51.) Mr. Ullom alleges that BP&A is an employer covered by FLSA, and that Mr. Perry also satisfies the definition of "employer" for purposes of individual liability. (Id., ¶¶12, 22–23.) In the complaint's collective-action allegations, Mr. Ullom describes the putative class members as "Defendant's current and former restaurant employees." (Id., ¶ 53.)

With respect to overtime coverage, Mr. Ullom alleges that BP&A is an "enterprise engaged in commerce" under the FLSA because: (1) it uses supplies and materials from outside Florida "in furtherance of Defendants' commercial activity of providing security services"; and (2) he himself was "engaged in commerce" by handling equipment that had traveled in interstate commerce. (Id., ¶¶ 22–30.)

Mr. Ullom filed his complaint on April 15, 2020. Fourteen days later, proofs of service were filed indicating that Mr. Perry had been substitute-served at his residence through his spouse, and that BP&A had also been served in the same manner because Mr. Perry was BP&A's registered agent. (Docs. 6–7.) After Defendants failed to timely answer, Mr. Ullom moved for a clerk's default, which the clerk entered on May 19, 2020. (Docs. 12, 16.) Mr. Ullom now moves for a default judgment on behalf of himself and similarly situated employees. (Doc. 20.) However, Mr. Ullom has not requested conditional certification of his putative class or provided the Court with any opt-in forms from prospective opt-in plaintiffs.

## LEGAL STANDARD

Default judgment may be entered against a party who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Such a judgment is "only warranted when

2

there is 'a sufficient basis in the pleadings for the judgment entered.'" Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975)).

## DISCUSSION

### I. Default judgment is improper because it is unclear whom Mr. Ullom seeks a judgment on behalf of.

Mr. Ullom's complaint seeks relief on behalf of similarly situated employees under the FLSA's collective action provision.  (Doc. 1, 39–52); 29 U.S.C. § 216(b).

The Eleventh Circuit has set forth a two-step process for managing FLSA collective actions.  At the first step, the court decides whether to conditionally certify a class "based only on the pleadings and any affidavits which have been submitted." Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001) (citation omitted).  This conditional certification preliminarily "authorizes either the parties, or the court itself, to facilitate notice of the action to similarly situated employees." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008) (citing Hipp, 252 F.3d at 1218).

"The second stage is . . . an employer's motion for decertification." Id. at 1261 (citing Anderson v. Cagle's, Inc., 488 F.3d 945, 953 (11th Cir. 2007)).  Such a motion is "usually filed after discovery is largely complete and the matter is ready for trial," meaning the court has far more information to decide "the similarly situated question." Hipp, 252 F.3d at 1218 (citation omitted).  "If the claimants are similarly situated, the district court allows the representative action to proceed to trial.  If

3

the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." Id.

Here, Mr. Ullom seeks relief on behalf of a putative FLSA class, but he has not shown that any similarly situated individuals want to opt into this matter, nor have any such individuals opted in. Accordingly, it is unclear whom the default judgment should be entered on behalf of. Courts faced with this situation have gone one of two ways: (1) enter a default judgment on behalf of the named plaintiff only, or (2) deny or defer ruling on the motion for default judgment until the complaint is amended to include the opt-in plaintiffs and served on the defendants. See Rodney v. Digital Media, Inc., No. 1:18-CV-1644-MHC, 2019 WL 5106277, at *2–4 (N.D. Ga. Sept. 11, 2019) (collecting cases).

The Court believes the second option is the better approach because entering a default judgment solely in Mr. Ullom's name while deferring on the issue of class-wide relief may create mootness problems. See Troncone v. Velahos, No. 10-2961 RBK/AMD, 2011 WL 3236219, at *8 n.8 (D.N.J. July 28, 2011), on reconsideration, 2012 WL 3018061 (D.N.J. July 23, 2012). Accordingly, the Court denies the motion for default judgment without prejudice. Mr. Ullom may renew the motion after he either amends his complaint to include any known opt-in parties, or he moves for conditional certification with an appropriate level of evidentiary support.

**II.  Default judgment is improper because it is unclear whether Mr. Ullom is entitled to overtime based on the complaint's allegations.**

Finally, it is unclear whether Mr. Ullom would be entitled to overtime in the first instance. To be eligible for FLSA overtime, an employee must demonstrate

4

that he is "covered" by the FLSA in one of two possible ways. See <u>Josendis v. Wall to Wall Res. Rep. Inc.</u>, 662 F.3d 1292, 1298 (11th Cir. 2011). First, the employee may claim "individual" coverage under the statute if he is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Second, the employee may claim "enterprise" coverage under the statute if he is "employed in an enterprise engaged in commerce or in the production of goods for commerce." <u>Id</u>. In either situation, the FLSA defines "commerce" as "trade, commerce, transportation transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

Mr. Ullom asserts that he is entitled to unpaid overtime because he worked over forty hours a week for Defendants as a security guard between March 2016 and January 2020. (Doc. 1, ¶¶ 38, 51.) He also asserts that he is entitled to both individual and enterprise coverage under the FLSA due to BP&A's "routine utilization of supplies and materials that originated outside the state of Florida," and due to his own "regular and recurrent handling of equipment that had previously traveled in interstate commerce." (<u>Id.</u>, ¶¶24–30.) These boilerplate allegations are insufficient for entry of a default judgment at this juncture.

The question of whether a security guard is individually covered by the FLSA's overtime provision is fact-specific, and different courts have reached different outcomes. <u>See, e.g.</u>, <u>Bird v. WLP Exec. Prot. Grp., LLC</u>, No. 1:19-CV-442, 2020 WL 2569710, at *3 (W.D. Mich. May 21, 2020) (collecting cases for the proposition that "[c]ourts have reached different outcomes when determining

5

whether a security guard meets the individual coverage standard"). By contrast, the question of whether a business is subject to enterprise coverage is (in some ways) less intensive but nonetheless depends on specific facts. See generally Torralba v. Little India Stores, No. 14 Civ. 595(GWG), 2016 WL 771192, at *4 (S.D.N.Y. Feb. 29, 2016) (explaining that "unlike individual coverage," enterprise coverage merely requires handling of goods or materials that have been moved in interstate commerce, and therefore "even a local laundry is covered if the soap it uses moved in interstate commerce" (citation omitted)); see also Asalde v. First Class Parking Sys. LLC, 898 F.3d 1136, 1141 (11th Cir. 2018) (reversing summary judgment because there were disputed issues of fact as to whether a valet service that used "walkie-talkies, pens, uniforms, valet tickets, and other items that originated out of state" was subject to enterprise coverage").

At this point, the Court has nothing besides Mr. Ullom's conclusory allegations that BP&A is subject to FLSA coverage because its employees used some unspecified supplies that traveled in interstate commerce. (Doc.1, ¶¶24–30.) Frankly, it is not even clear if Mr. Ullom is a security guard, as the Court has assumed throughout this Order. While one portion of the complaint states that his duties were "towing cars" and "writing tickets," another portion states that the putative class consists of "restaurant employees." (Id., ¶¶ 34, 52.)

If the Court were presented with these confusing (and possibly contradictory) allegations in deciding a motion to dismiss for failure to state a claim, the motion would likely be granted. See, e.g., Maceda v. City Watch Protective Servs., Inc., No.

6

18-23966-Civ-Scola, 2019 WL 1385087, at *2 (S.D. Fla. Mar. 27, 2019) (dismissing without prejudice overtime claims of security employee with similar allegations regarding individual and enterprise coverage); Rivera v. Deer Run Realty & Mgmt., Inc., No. 6:15-cv-79-Orl-41DAB, 2015 WL 4878681, at *7 (M.D. Fla. Aug. 14, 2015) (adopting report and recommendation to hold same).  And the Eleventh Circuit has held that the standard for ruling on a motion for default judgment is akin to the standard for a motion to dismiss for state a claim.  See Surtain, 789 F.3d at 1245.

The Court certainly does not mean to imply that Mr. Ullom must allege every minute detail of Defendants' business in order to receive a default judgment.  But at a minimum, his complaint should allege enough facts about the supplies used in Defendants' business that—when accepted as true—plausibly establish a basis for overtime coverage under the FLSA.  See Freeman v. Willie A. Watkins Funeral Home of Riverdale, Inc., No. 1:16-cv-00377-WSD, 2017 WL 66824, at *3 (N.D. Ga. Jan. 5, 2017) (quoting Polycarpe v. E&S Landscaping Serv., Inc., 616 F.3d 1217, 1228–29 (11th Cir. 2010)).  He has not done so here.

## CONCLUSION

For the reasons explained above, it is **ORDERED** that Mr. Ullom's motion for default judgment (Doc. 20) is **DENIED WITHOUT PREJUDICE.**

**ORDERED** in Fort Myers, Florida, on December 11, 2020.

*John L. Badalamenti* (signature)

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE